IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 10-cr-00129-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DOMINIC D. STEWART,

    Defendant.

## AMENDED TRIAL PROTOCOL ORDER[1]

**Blackburn, J.**

Pursuant to **Fed. R. Crim. P. 17.1** and **D.C.COLO.LCrR 26**, on February 8, 2012, the court conducted a Trial Preparation Conference.[2] On February 16, 2012, the court held a hearing on **Defendant Dominic Stewart's Third, Unopposed, Motion For an Ends of Justice Continuance** [#444] filed February 15, 2012. Based on the decisions made and the orders entered during the Trial Preparation Conference and the hearing on the motion to continue, the court enters this **Amended Trial Protocol Order**.

**IT IS ORDERED** as follows:

1. That trial by jury shall commence **February 27, 2012**, at 8:30 a.m., in

---

[1] This amended order is necessary to reflect that the defendant, James Duckett, has entered a plea of guilty pursuant to a plea agreement with the government and, thus, will not be going to trial.

[2] For the limited purpose of that conference, the court used the **Trial Preparation Conference Order** [#13] entered April 14, 2010, as an informal agenda.

courtroom A1001 (Tenth floor) of the Alfred A. Arraj United States Courthouse Annex at 901 19th Street, Denver, Colorado 90294, at which the defendant, Dominic D. Stewart, shall appear in person without further notice, order, or subpoena;

 2. That the court reserves nine (9) days for trial:

- Monday, February 27, 2012, through Thursday, March 1, 2012;
- Monday, March 5, 2012, through Thursday, March 8, 2012; and
- Monday, March 12, 2012;

 3. That counsel and Mr. Stewart shall appear in courtroom A1001 on the first day of trial at 8:00 a.m., to review and discuss with the courtroom deputy clerk and the court, if necessary, any final details, arrangements, or requirements concerning the trial;

 4. That the court has audio, video, audio-visual, evidentiary presentation, and other special equipment that may be used by the parties; provided, further, that a listing of available equipment can be found on the District Court's website at http://www.cod.uscourts.gov/Judes/Judges.aspx under "Courtroom Technology Manual for Attorneys"; provided, further, that arrangements for training on courtroom technology must be made with the courtroom deputy clerk, **Nel Steffens**, at **303-335-2090** at least **seven (7) days** before trial;

 9. That notice to the courtroom deputy clerk of your need to bring equipment through courthouse security for use in the courtroom during the trial must be given no later than **seven (7) days** before the date and time you need such equipment for use in trial;

 10. That following *voir dire* examination by the court, the **government** may

conduct *voir dire* examination for not more than **30 minutes**, and **Mr. Stewart** may conduct *voir dire* examination for not more than **30 minutes**[3]; provided, furthermore, that during *voir dire* examination, counsel shall exert their best efforts to eschew reiteration of previous questions, shall refrain from propounding leading questions, and shall refrain from propounding questions which are case or evidence specific;

11. That trial witnesses subject to sequestration under Fed.R.Evid. 615 shall be sequestered by order entered *sua sponte* immediately before opening statements;

12. That pending further order, opening statements shall not exceed 30 minutes for the government and 30 minutes for Mr. Stewart[4];

13. That the court will not engage in the examination of any witness, except to eschew plain error;

14. That pursuant to REB Cr. Practice Standard III.B., each party shall have available at trial a set of exhibits for the court, the courtroom deputy clerk, and opposing counsel (one set per party);

15. That objections made in the presence or hearing of the jury – so called speaking objections – shall be stated as succinctly as practicable and supported by recitation of apposite authority when possible; however, counsel and a pro se defendant shall not speechify an objection in the presence or hearing of the jury, *see* Fed.R.Evid.103(c) and 104(c);

---

[3] Pending further order, I am not now imposing specific topic limitations. Additionally, at each party's discretion, *voir dire* examination may be directed at the panel as a whole or to individual prospective jurors or to groups of prospective jurors.

[4] This provision does not prevent Mr. Stewart from deferring his opening statement until after the government has completed its case in chief.

16. That unless interrupted by the court, in marshaling motions or objections during trial, the following sequential protocol shall be observed, unless interrupted by the court: objection, response, reply, ruling;

17. That to eliminate or minimize bench or sidebar conferences, each party shall be responsible to inform the courtroom deputy clerk in writing before the conclusion of a trial day specifying any issue which should be considered before commencing trial on the next scheduled day of trial and at the outset of a trial day specifying any issue which should be considered at the conclusion of that trial day;

18. That to facilitate preparation, marshaling, and consideration of proposed jury instructions and verdict forms consistent with REB Civ. Practice Standard V.A.5., the government shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO. G-1, G-2, G-3, etc., and Mr. Stewart shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO.-Stewart-1, Stewart-2, Stewart-3, etc.; provided, furthermore, the parties shall similarly identify and enumerate all proposed verdict forms and special interrogatories;

19. That for additional information about courtroom protocol, courtroom technology and training, trial preparation, transport of items into the courthouse and courtroom, or submission of trial exhibits, the courtroom deputy clerk, **Nel Steffens**, at **303-335-2090** should be contacted;

20. That the **Trial Preparation Conference Order** [#13] entered April 14, 2010, is modified, but only to the extent necessary to facilitate and implement these amended orders; and

21. That this amended order supplants and supersedes the **Trial Protocol Order** [#426] entered February 9, 2012.

Dated February 21, 2012, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge